## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:22CR490 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE BRIDGET MEEHAN BRENNAN |
| -vs- | : | |
| | : | |
| OBED SANCHEZ, | : | **NOTICE OF DEFENDANT'S DESIRE** |
| | : | **TO PROCEED PRO SE** |
| Defendant. | : | |

Obed Sanchez, through counsel, respectfully provides Notice to this Court of his desire to proceed pro se. An arraignment on the Superseding Indictment was held in this case on November 27, 2023. At that hearing, Mr. Sanchez initially indicated an unwillingness to enter a plea and instead requested to proceed pro se. After conferring with counsel during the hearing, it was requested that Mr. Sanchez's request to proceed pro se would be addressed at a later date. Subsequent to that hearing, counsel and Mr. Sanchez continued to confer. Mr. Sanchez has informed counsel that there are pretrial motions he wishes to file on his behalf, and it his desire to proceed pro se. Accordingly, this Notice is being filed to inform the Court of Mr. Sanchez's desire to proceed pro se.

"[F]orcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so." *Faretta v. California*, 422 U.S. 806, 817 (1975). Thus, the Supreme Court has established that the "Sixth Amendment guarantees a criminal defendant the right to counsel, as well as the corollary right to waive counsel and proceed pro se even when the

2

court believes that it would not be advisable." *United States v. Powell*, 847 F.3d 760, 774 (6th Cir. 2017) (*citing Faretta*, 422 U.S. at 807, 819–820).

When a defendant invokes his right to proceed pro se, as Mr. Sanchez does here, the court "must inform the defendant 'of the dangers and disadvantages of self-representation,' and conduct a 'searching or formal inquiry' to ensure that the waiver of counsel is knowing, intelligent, and voluntary." *Cassano v. Shoop*, 1 F.4th 458, 466 (6th Cir. 2021) (citation and bracket omitted). "[A]t the conclusion of the *Faretta* hearing, if the defendant continues to 'insist that he wants to conduct his own defense,' and the trial court is satisfied that the waiver is knowing, intelligent, and voluntary, the Sixth Amendment does not allow the State 'to force a lawyer upon him.'" *Id*. at 467 (citing *Faretta*, 422 U.S. at 807) (brackets omitted). "This *Faretta*-compliant hearing must be held without delay." *Id*. at 466-67.

3

Finally, Mr. Sanchez advises that although he does desire to proceed pro se, he does request the assistance of standby counsel. *See McKaskle v. Wiggins*, 465 U.S. 168, 170 (1984 ("The [*Faretta*] Court also held that a trial court may appoint 'standby counsel' to assist the pro se defendant in his defense."); *United States v. Henderson*, 822 F.3d 812, 818 (6th Cir. 2016) ("The district court granted Hendrickson's motion to represent herself with the assistance of standby counsel.").

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/David E. Johnson*
DAVID E. JOHNSON
Assistant Federal Public Defender
Ohio Bar: 0081505
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: David_Johnson@fd.org.