## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:22CR490 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE BRIDGET MEEHAN BRENNAN |
| -vs- | : | |
| | : | |
| OBED SANCHEZ, | : | **OBED SANCHEZ'S** |
| | : | **SENTENCING MEMORANDUM** |
| Defendant. | : | |

### INTRODUCTION

Obed Sanchez, through counsel, files the instant Sentencing Memorandum requesting the Court follow the parties' Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (R. 64: Plea Agreement). A sentence of 180 months concurrent with Mr. Sanchez's Lorain County Case (22CR106415) is sufficient, but not greater than necessary to achieve the statutory goals of sentencing. 18 U.S.C. §§ 3553(a). He files this Memorandum to address two issues. First, the parties agree that the Court's imposition of a sentence consistent with the plea agreement would be a within-Guideline sentence. Second, a fine should not be imposed, and that request is unopposed.

### THE SENTENCE IN THE PLEA AGREMENT IS A GUIDELINES SENTENCE

The Pre-Sentence Report ("PSR") implies that to impose the parties' requested sentence, the Court must find valid grounds for a departure or variance. *See* R. 66 ("PSR") at ¶ 79. That is incorrect. The parties request a sentence of 180 months imprisonment concurrent with Mr. Sanchez's Lorain County Case (22CR106415). The PSR calculates that "the guideline range is

180 months to 210 months." PSR at ¶ 78. Thus, an imprisonment term of 180 months would be a within-Guideline sentence.

As it relates to the parties' request for a concurrent sentence, when faced with an "undischarged" sentence, as in this case, the Guidelines permits this Court to impose the sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d). The application notes to that sentencing guideline recognize that the decision of how to run the undischarged sentence is within the sound discretion of the of the sentencing court. *See* App.N. 5. (stating, "Federal courts generally 'have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings.'") (citing *Setser v. United States,* 566 U.S. 231, 236 (2012); 18 U.S.C. § 3584(a)). Here, this Court should follow the parties' arms-length agreement and conclude that 180-months of prison time for a firearm that Mr. Sanchez neither used, nor even brandished, is certainly sufficient and meets the statutory goals of sentencing.

Defense counsel has conferred with the government's counsel, who agrees that the Plea Agreement was crafted to provide a within-guidelines sentence. The Court therefore should follow the Plea Agreement and impose a 180-month sentence, with Mr. Sanchez's undischarged state court sentence to run concurrently.

**A FINE WOULD BE AN UNWARRANTED BURDEN ON MR. SANCHEZ**

Further, this Court should not impose a fine. In stating that Mr. Sanchez "may be able to pay a fine below the guideline fine range," PSR at ¶ 76 & page 29 (PageID 427), the PSR

2

miscalculates and misapprehends Mr. Sanchez's financial circumstances. First, the PSR incorrectly attributes "spouse income" to Mr. Sanchez. PSR at ¶ 75. However, Mr. Sanchez is not married. Additionally, the PSR attributes Mr. Sanchez's income as $2,500 a month. *Id*. However, that income is from a business Mr. Sanchez operated prior to being taken into custody in August 2022. Even then, during some months, he earned zero income. The registered owner of the company passed away in September 2023. *See* PSR at ¶¶ 74, 66.

While the Court should view Mr. Sanchez's past entrepreneurial enterprises as demonstrating a positive work history, the Court should not believe, as did the PSR, that Mr. Sanchez will be able to make a comparable living 15 years from now after released from serving a lengthy prison sentence. It is impossible to predict the financial climate or Mr. Sanchez's work abilities in that span of time. After 15 years of incarceration, Mr. Sanchez most likely will have to begin his working life anew. Any self-employment business income will be difficult to get off the ground. Equally important, imposing a fine after this lengthy prison term would only add pressure and instability to Mr. Sanchez's life upon release. After completing his BOP sentence, Mr. Sanchez will have to resume supporting himself and his five children, three of whom recently lost their mother in September 2023. To suggest his ability to pay a fine under these circumstances is not warranted.

Undersigned counsel has conferred with the government on this issue. It was expressed that the instant request for this Court not to impose a fine is unopposed. A fine is not warranted in this case and would not be supported by the statutory factors. 18 U.S.C. §§ 3553(a), 3572.

**CONCLUSION**

For the foregoing reasons, the Court should follow the parties' Rule (c)(1)(C) Plea Agreement and sentence Mr. Sanchez to 180 months of imprisonment, run concurrently with his state court sentence, without the imposition of a fine.

    Respectfully submitted,

    STEPHEN C. NEWMAN
    Federal Public Defender
    Ohio Bar: 0051928

    */s/David E. Johnson*
    DAVID E. JOHNSON
    Assistant Federal Public Defender
    Ohio Bar: 0081505
    1660 West Second Street, Suite 750
    Cleveland, Ohio 44113
    (216) 522-4856 Fax: (216) 522-4321
    e-mail address: David_Johnson@fd.org.